■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD MILTON JONES, Appellant.—Appeal by defendant, as limited by his motion, from a sentence of the Supreme Court, Suffolk County, imposed March 29, 1979. Appeal dismissed as academic. Defendant has completed serving his sentence. Cohalan, J. P., Margett, Martuscello and Gibbons, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY McLEAN, Also Known as GEORGE WATSON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered July 29, 1977, convicting him of robbery in the first and second degrees, assault in the second degree, grand larceny in the third degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and sentencing him to concurrent prison terms on all counts but the assault count, and to a consecutive prison term on the assault count. Judgment modified, on the law, by changing the sentence for the assault conviction so that it runs concurrently with the other sentences imposed under Indictment No. 651/76. As so modified, judgment affirmed. The conviction arose out of an armed robbery at a subway token booth during which defendant shot the token clerk with a firearm. Since the possession of a weapon was an element of the assault, the sentences therefor must be concurrent (see Penal Law, § 70.25, subd 2). Defendant asserts that his arrest, which led to the discovery of the weapon used in the robbery and to his confessions, was not based upon probable cause, so that the weapon and confession should have been suppressed at trial. He claims that a tip from an unidentified informant, whose reliability had never in the past been demonstrated, was not a proper source from which to infer probable cause (see *People v Corrado,* 22 NY2d 308). We disagree under the facts herein presented. The informant identified defendant as the perpetrator of the robbery, and stated that a companion of defendant was frequenting an apartment building in which the companion's girlfriend lived. The investigating officer questioned the realtor of the apartment building, and he corroborated the information with respect to the building. Defendant was subsequently observed in this building and was arrested therein. Such independent corroboration of the tip and a detailed description of defendant which was given by the victim of the robbery were sufficient to form the necessary probable cause to justify the arrest of the defendant (see *People v Holmes,* 40 NY2d 1068), and the subsequent search of his person incident to arrest (see *People v Loria,* 10 NY2d 368). We have considered the defendant's other contentions and find them to be without merit. Titone, J. P., O'Connor, Lazer and Mangano, JJ., concur.