■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VIRGILLIO LOPEZ, Appellant.—Judgment, Supreme Court, New York County (Rose Rubin, J.), rendered November 16, 1988, convicting defendant, after jury trial, of attempted murder in the second degree, two counts of assault in the first degree, and one count of assault in the second degree, and sentencing him to concurrent indeterminate terms of imprisonment of from 5 to 15 years, 4 to 12 years (two terms), and 2 to 6 years, respectively, unanimously affirmed.

Defendant entered his ex-girlfriend's apartment in an attempt to convince her not to break off their relationship. When unsuccessful, he drew a knife and began to stab her repeatedly, resulting in serious injury from at least 10 stab

wounds, including the loss of a kidney. The victim's mother and father immediately came to her aid and they, too, were assaulted with the knife. Finally, her brother ran to the parents' aid carrying baseball bats and, by repeatedly striking defendant with the bats, the family was able to put an end to the assault. Defendant raced from the apartment and was arrested shortly thereafter. At trial he claimed that the parents attacked him with the baseball bats after learning that he had sexual relations with their daughter and asserted that he picked up a kitchen knife and used it solely in self-defense. Viewing, as we must, the evidence in the light most favorable to the People (People v Contes, 60 NY2d 620, 621), the forensic evidence clearly demonstrates that the knife wounds inflicted on the victims were not of a defensive nature. The minor inconsistencies in the testimony of the various members of the family are of no moment, and we therefore reject defendant's contention that the People failed to disprove his justification defense beyond a reasonable doubt.

Defendant further contends that his mother and sister, who had testified on his behalf, were improperly excluded from the courtroom during summations. The People expressed concern that the comments of counsel on the testimony given by these witnesses and how it compared with the testimony given by other witnesses might influence the testimony defendant's mother and sister might give should a retrial be required. The court, even after ascertaining that neither spoke English (both testified through an interpreter), nevertheless ordered them excluded.

We find the reason for excluding the witnesses less than compelling (People v Jones, 47 NY2d 409, 414-415, cert denied 444 US 946). It is always possible that a matter might require retrial and, were the prosecutor's reasoning to be adopted, witnesses could invariably be excluded from the courtroom during summations. Moreover, closure does not advance the interest of preventing tailored testimony because a transcript of the proceedings is available. Therefore, we view the decision as improvident "on a close examination of the competing interests at stake in the specific context of the individual case" (People v Clemons, 78 NY2d 48, 52, citing Globe Newspaper Co. v Superior Ct., 457 US 596, 607-608 [emphasis in original]).

However, we note that defense counsel, while opposing the People's application for exclusion of the witnesses, never announced his objection to closure. On the contrary, during a discussion of the consequences of a hung jury, he stated, "In that case we are talking about—I mean its [sic] up to Your

Honor." At the close of argument, the court stated to counsel, "Thank you for cooperating." Even at this juncture, counsel said nothing to dispel any misapprehension that he consented to be bound by the court's ruling.

Counsel's apparent acquiescence is the very antithesis of a "protest" sufficient to apprise the court, in a timely fashion, of the claimed error in order to permit it to be remedied (CPL 470.05 [2]; *see, People v George,* 67 NY2d 817, 819). Counsel framed his arguments in the context of an application to exclude witnesses, a matter within the court's discretion *(People v Felder,* 39 AD2d 373, *affd* 32 NY2d 747, *appeal dismissed* 414 US 948). Only on appeal does defendant, for the first time, construe the exclusion of the witnesses, members of his family, as an infringement upon his right to a public trial *(People v Kin Kan,* 78 NY2d 54, *rearg denied* 78 NY2d 1008).

Accordingly, Supreme Court was never advised of defendant's constitutional objection, and the matter is not preserved for appellate review *(People v Iannelli,* 69 NY2d 684, *cert denied* 482 US 914). Nor are we inclined to reach it in the interest of justice. Concur—Rosenberger, J. P., Wallach, Kassal and Rubin, JJ.