■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE CRESPO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered December 5, 1989, convicting him of criminal posses-

sion of a weapon in the second degree, criminal possession of a weapon in the third degree, and assault in the second degree, upon a jury verdict, and sentencing him to an indeterminate term of 7½ to 15 years imprisonment for criminal possession of a weapon in the second degree, to run consecutively to the concurrent indeterminate terms of 3½ to 7 years imprisonment for criminal possession of a weapon in the third degree and assault in the second degree.

Ordered that the judgment is modified, on the law, by providing that the terms of imprisonment imposed shall run concurrently; as so modified, the judgment is affirmed.

On the evening of July 16, 1988, the defendant began fighting with Esteban Lopez when Lopez told the defendant not to sell drugs in his neighborhood. Neighborhood residents broke up the fight and the defendant ran away, vowing to return and exact revenge. A short time later, the defendant, armed with a gun, returned with several companions. The defendant ultimately fired two shots at Lopez, hitting him in the arm once, and then left the scene.

After jury selection, the prosecutor disclosed various police reports, including one containing a statement from a person who had been arrested shortly after the shooting for possession of a weapon. In light of this latter disclosure, defense counsel requested either a mistrial or "a continuance to investigate the fact that there may be another suspect in the case". The court granted the mistrial. A few weeks later, the defendant moved to dismiss the indictment based upon the *Brady* violation. This motion was denied.

The second trial ended in a mistrial because of juror misconduct. At the third trial, which commenced about four months after the first mistrial, the prosecution presented the testimony of six eyewitnesses, including Esteban Lopez, and two police officers. The defendant's main witness testified that, after the brief initial confrontation between the defendant and Lopez, a group of older men converged on the defendant and beat him with sticks.

On appeal, the defendant argues that the court should have dismissed the indictment based upon the *Brady* violation. We disagree. By granting the defendant's request for a mistrial, the court provided the defendant a sufficient opportunity to investigate the information belatedly disclosed. This was an adequate sanction under the circumstances of this case *(see, People v Kelly,* 62 NY2d 516; *People v Beam,* 161 AD2d 1153). Further, there is no basis for the defendant's claim that he

was prejudiced by the People's alleged failure to preserve or investigate other potentially exculpatory material *(see, People v Gairy,* 116 AD2d 733, 734; *People v Astwood,* 113 AD2d 946).

However, it was improper to provide that the sentence for criminal possession of a weapon in the second degree was to run consecutively to the sentences imposed on the other counts. Since the possession of a weapon was a material element of the assault charge, concurrent sentences are required *(see,* Penal Law § 70.25 [2]; *People v McLean,* 72 AD2d 588; *People v Romero,* 41 AD2d 744).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Sullivan, J. P., Lawrence, Miller and O'Brien, JJ., concur.