■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER VELEZ, Appellant. [615 NYS2d 59] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Jones, J.), rendered April 1, 1992, convicting him of reckless endangerment in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by deleting the provision thereof imposing consecutive terms of imprisonment and substituting therefor a provision imposing concurrent terms of imprisonment; as so modified, the judgment is affirmed.

Since the defendant did not object to the statements that were made by the prosecutor during his summation, the issue of their propriety is unpreserved for appellate review (see, CPL 470.05 [2]; *People v Balls*, 69 NY2d 641; *People v Medina*, 53 NY2d 951). In any event, we find that the closing remarks by the prosecutor were fair comment on the evidence (see, *People v Galloway*, 54 NY2d 396).

However, we find that the sentencing court erred in imposing consecutive sentences for the defendant's convictions of reckless endangerment in the first degree and criminal possession of a weapon in the second degree since both convictions arose out of a single incident. The mere fact that the defendant possessed the gun immediately prior to the attack does not establish sufficient proof of a separate and distinct act to justify the imposition of consecutive sentences (see, Penal Law § 70.25 [2]; *People v Brown,* 80 NY2d 361; *People v Ali,* 188 AD2d 476; *People v Crandall,* 181 AD2d 687; *People v Abdullah,* 179 AD2d 661; *People v Jenkins,* 176 AD2d 348; *People v Nedrick,* 166 AD2d 725; *People v Jeter,* 163 AD2d 421, *affd* 80 NY2d 818; *People v Wallace,* 152 AD2d 713). Thompson, J. P., Balletta, Krausman and Florio, JJ., concur.