■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK BANKS, Appellant. [617 NYS2d 796] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered February 26, 1987, convicting him of murder in the second degree, manslaughter in the first degree, attempted robbery in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by deleting the provision thereof imposing consecutive terms of imprisonment for each of the defendant's convictions and substituting therefor a provision providing that the terms of imprisonment are to run concurrently; as so modified, the judgment is affirmed.

"To establish probable cause, the facts and circumstances known to a police officer are not required to be of the magnitude needed to warrant a conviction *(People v Mercado,* 117

AD2d 627, 629), and the description is sufficient when it is sufficiently specific and detailed to enable the police to reasonably conclude that the defendant was the person described *(see, People v Carmona,* 172 AD2d 151, *lv denied* 78 NY2d 963)" *(People v Ward,* 182 AD2d 573). In this case, the combination of the statement by the defendant's father that his son was in possession of the car at the time of the incident, a witness's observation of the license plate while the car was speeding away from the nearby crime scene, the description of the vehicle by witnesses at and near the crime scene, and the close match between the physical description given to the police and the defendant were sufficient to constitute probable cause.

The defendant further contends that he was denied a fair trial as a result of the prosecutor's improper summation. We find however, that the prosecutor's challenged remarks constituted fair response to the defense counsel's summation, during which he challenged the credibility of the witnesses *(see, People v Aviles,* 176 AD2d 584; *People v Williams,* 174 AD2d 494).

The sentencing court erred in imposing consecutive sentences for the defendant's convictions of manslaughter in the first degree, attempted robbery in the first degree, and criminal possession of a weapon in the second degree since all three counts arose out of a single incident. Further, the mere fact that the defendant possessed the gun immediately prior to the shooting does not establish sufficient proof of a separate and distinct act to justify the imposition of consecutive sentences *(see,* Penal Law § 70.25 [2]; *People v Brown,* 80 NY2d 361; *People v Ali,* 188 AD2d 476; *People v Crandall,* 181 AD2d 687; *People v Abdullah,* 179 AD2d 661; *People v Jenkins,* 176 AD2d 348; *People v Nedrick,* 166 AD2d 725; *People v Jeter,* 163 AD2d 421, *affd* 80 NY2d 818; *People v Wallace,* 152 AD2d 713). Bracken, J. P., Lawrence, Santucci and Goldstein, JJ., concur.