■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERARD NEWMAN, Appellant. [628 NYS2d 649] —Judgments, Supreme Court, New York County, rendered February 20, 1992, the first (Clifford Scott, J., at hearing and trial; Peter J. McQuillan, J., at sentence), convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree and sentencing him to a term of $2^1/3$ to 7 years and the second (Peter J. McQuillan, J., at plea and sentence), convicting defendant, upon his plea of guilty, of bail jumping in the first degree and sentencing him to a concurrent term of $2^1/3$ to 7 years, unanimously affirmed.

The court did not err in permitting the prosecution to introduce, on its rebuttal case, a redacted copy of the affirmation in support of defendant's motion to suppress, which relied solely on defendant's assertions of the facts, and to question defendant about it. Informal judicial admissions, like those contained in a defense affidavit, may be introduced at subsequent proceedings when relevant and when the person who made the admission assumes an inconsistent position at the later proceeding (*People v Foy*, 212 AD2d 446, 447).

Nor was defendant denied the effective assistance of counsel because his counsel "decided to take the stand to further the defense" (*People v Baldi*, 54 NY2d 137, 151). Counsel's testimony was in no way adverse to defendant's interest. Counsel explained the purpose of motion practice and his duties as a defense attorney. He indicated that certain words

used in the affirmation have technical legal meanings. He explained how he had paraphrased defendant's statements in asserting constitutional claims and that he had not included all that defendant had told him. He discussed why, in his view, the affirmation was consistent with what defendant had told him as well as defendant's trial testimony.

We have considered defendant's other claims and find them to be without merit. Concur—Sullivan, J. P., Rubin, Asch and Williams, JJ.