■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VIDAL PEREZ, Appellant. [633 NYS2d 284] —Judgment, Supreme Court, New York County (Joan Carey, J.), rendered June 15, 1990, convicting defendant, after a jury trial, of murder in the second degree, attempted murder in the second degree, assault in the first degree, and two counts each of criminal use of a firearm in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, and sentencing him to a term of 25 years to life on the murder conviction to run consecutively to concurrent terms of 5 to 15 years on the attempted murder, assault, criminal use of a firearm and second degree possession of a weapon convictions and of $2^{1}/_{3}$ to 7 years on the third degree possession of a weapon conviction, unanimously affirmed.

The hearing court properly denied defendant's motion to suppress his lineup identifications by two witnesses. The lineups were not tainted by the witnesses' viewing of a photograph of defendant sixteen days earlier at the precinct. At the time the witnesses were shown the photograph, the police had been led to believe that defendant was a potential victim. Therefore, the earlier identification was not the result of a police-initiated identification procedure (*People v Kavanaugh*, 207 AD2d 719, *lv denied* 84 NY2d 937). In any case, since the witnesses had recognized defendant at the time of the shooting, as a person familiar from the neighborhood, the

display of defendant's photograph could not have tainted either their lineup or in-court identifications of defendant (*People v Welker*, 150 AD2d 515, *lv denied* 74 NY2d 853). Defendant also failed to establish that the lineups were unduly suggestive (*People v Chipp*, 75 NY2d 327, *cert denied* 498 US 833).

Since defense counsel consented to a continuation of the *Wade* hearing after the commencement of trial, defendant cannot be heard to complain that he was deprived of his right to open because the court did not rule on his *Wade* motion until after the People had called several witnesses. Finally, we perceive no basis to disturb the trial court's finding that a victim's in-court identification of defendant was not prompted by the audience.

Contrary to defendant's appellate argument, the weight of the evidence fully supports his conviction. Three of the four surviving occupants of the car identified him as one of the shooters, as did a disinterested witness who simply was looking out her window immediately prior to the shooting. The jury was certainly warranted in rejecting the testimony of the alibi witnesses who were close friends of the defendant.

The hearsay statement of one of defendant's shooting victims, who was interviewed by a detective in the hospital approximately one hour after the shooting when the victim was in critical condition and severe distress, naming "Vidal" as his assailant, was properly admitted as an excited utterance (*People v Brown*, 70 NY2d 513, 522).

The trial court properly ruled that defendant's rights under *Brady v Maryland* (373 US 83) were not violated by the People's failure to turn over their notes of an interview with a defense witness since the information sought by defendant could easily have been discovered by him from his own witness. In any event, the material was not exculpatory. We also find the record fails to support any of defendant's appellate arguments that he was excluded from material stages of the trial, including the *Sandoval* hearing (*People v Jones*, 213 AD2d 250).

Defendant's consecutive sentences were authorized because the shooting of two victims constitutes separate and distinct acts (Penal Law § 70.25 [2]; *People v Brathwaite*, 63 NY2d 839, 843). Furthermore, a severe sentence was warranted in the circumstances, where defendant and his cohort indiscriminately shot at the five defenseless occupants of the car, it being merely fortuitous that only one of them died.

We have considered defendant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Ross, Tom and Mazzarelli, JJ.