■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KWAME JACKSON, Appellant. [641 NYS2d 47] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Braun, J.), rendered December 13, 1993, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree (three counts), grand larceny in the fourth degree,

criminal possession of stolen property in the fourth degree, and tampering with physical evidence in the fourth degree (four counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by deleting the provision thereof which directed that the sentence imposed on the defendant's conviction for criminal possession of a weapon in the third degree under the fourth count of the indictment shall run consecutively to the concurrent sentences imposed for murder in the second degree and criminal possession of a weapon in the second degree, and substituting therefor a provision providing that the sentence imposed on the defendant's conviction for criminal possession of a weapon in the third degree under the fourth count of the indictment shall run concurrently with the concurrent sentences imposed for murder in the second degree and criminal possession of a weapon in the second degree; as so modified, the judgment is affirmed.

The defendant's contention that the Supreme Court violated his constitutional right to a public trial when it excluded a potential witness from the courtroom, is not preserved for appellate review and we decline to address it in the exercise of our interest of justice jurisdiction (*see*, CPL 470.05 [2]; *People v Lopez*, 185 AD2d 189, 191).

Contrary to the defendant's claim, the Supreme Court did not err in failing to give a supplemental charge on the defense of justification in response to a jury note, and the court meaningfully responded to the jury request for a readback of the first two counts of the indictment and the law applicable to the first two counts of the indictment (*see, People v Almodovar*, 62 NY2d 126, 131; *People v Malloy*, 55 NY2d 296, 301-302, *cert denied* 459 US 847).

The sentence imposed on the defendant's conviction for criminal possession of a weapon in the third degree based on his possession of a .25 caliber weapon under the fourth count of the indictment is modified to run concurrently with the concurrent sentences imposed for his convictions for murder in the second degree and criminal possession of a weapon in the second degree under the first and third counts of the indictment, respectively. The first, third, and fourth counts of the indictment all related to the defendant's possession of the .25 caliber pistol. The defendant's possession of that weapon was a material element of the foregoing charges and was part of the same act of murder (*see,* CPL 70.25 [2]; *People v Day,* 73 NY2d 208, 210; *People v Doczy,* 210 AD2d 425; *People v Velez,* 206 AD2d 554, 555; *People v Crespo,* 188 AD2d 483, 484-485; *People*

*v Terry,* 104 AD2d 572, 573). Thompson, J. P., Krausman, Friedmann and McGinity, JJ., concur.