■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABDUL HAKIM, Also Known as DESMOND WOODBURN, Appellant. [651 NYS2d 562] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Thomas, J.), rendered September 13, 1994, convicting him of attempted murder in the second degree (two counts), assault in the first degree (two counts), criminal possession of a weapon in second degree, criminal possession of a weapon in the third degree, reckless endangerment in the first degree (two counts), and endangering the welfare of a child (four counts), upon a jury verdict, and imposing sentence. Justice Sullivan has been substituted for the late Justice Hart (*see,* 22 NYCRR 670.1 [c]).

Ordered that the judgment is modified, on the law, (1) by reducing the terms of the imprisonment imposed upon the defendant's conviction of attempted murder in the second degree (two counts) to consecutive indeterminate terms of imprisonment of $8^1/_3$ to 25 years, (2) by providing that the terms of imprisonment imposed upon the defendant's conviction of reckless endangerment in the first degree (two counts) run concurrently with the terms of imprisonment imposed for attempted murder in the second degree (two counts), and (3) by providing that the terms of imprisonment imposed upon the

defendant's conviction of criminal possession of a weapon in the second degree run concurrently with the terms of imprisonment imposed for attempted murder in the second degree (two counts); as so modified, the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court did not err when it refused the defense counsel's challenge for cause regarding two prospective jurors (*see, People v Torpey,* 63 NY2d 361, 367; *People v Hernandez,* 222 AD2d 696; *People v Archer,* 210 AD2d 241).

As the People concede, the terms of imprisonment imposed for the defendant's conviction of attempted murder in the second degree (two counts) must be reduced to consecutive indeterminate terms of $8^{1}/3$ to 25 years imprisonment, since those counts did not constitute armed class B violent felonies (*see,* CPL 1.20 [41]). Additionally, the People also concede that the terms of imprisonment imposed upon the defendant's convictions of reckless endangerment in the first degree (two counts) should run concurrently with the terms of imprisonment imposed for attempted murder in the second degree (*see,* Penal Law § 70.25 [2]). Further, we find that the term of imprisonment imposed for criminal possession of a weapon in the second degree must be served concurrently with the terms of imprisonment imposed for attempted murder, since the evidence at trial was insufficient to establish that his possession of the gun was an act separate from the attempted murder (*see, People v Velez,* 206 AD2d 554).

The defendant's remaining contentions are unpreserved for appellate review, without merit, or do not warrant reversal. Sullivan, J. P., Altman, Goldstein and McGinity, JJ., concur.