■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLIN REYES, Appellant. [658 NYS2d 353] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered October 11, 1994, convicting him of murder in the second degree, assault in the first degree (two counts), assault in the second degree (two counts), attempted robbery in the first degree (seven counts), criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and sentencing him to an indeterminate term of 25 years to life imprisonment on the conviction of murder in the second degree; an indeterminate term of 5 to 15 years imprisonment on each conviction of assault in the first degree, to run consecutively to each other and to the sentence imposed on the conviction for murder in the second degree; an indeterminate term of $2^{1}/_{3}$ to 7 years imprisonment on each of the two counts of assault in the second degree, to run concurrently with each other and to the sentences imposed on the convictions for assault in the first degree and murder in the second degree; an indeterminate term of 5 to 15 years imprisonment on each of the seven counts of attempted robbery in the first degree, to run concurrently with each other and with the convictions of assault and murder; an indeterminate term of 5 to 15 years imprisonment on the conviction of criminal possession of a weapon in the second degree, to run consecutively to the sentences imposed on the convictions of assault in the first degree and murder in the second degree; and an indeterminate term of 5 to 15 years

on the conviction of criminal possession of a weapon in the third degree, to run concurrently with the sentences on the other convictions.

Ordered that the judgment is modified, on the law, by deleting the provision thereof which directed that the term of imprisonment imposed on the conviction for criminal possession of a weapon in the second degree run consecutively with the terms of imprisonment imposed on the convictions for murder in the second degree and assault in the first degree, and substituting therefor a provision directing that the term of imprisonment imposed on the conviction for criminal possession of a weapon in the second degree shall run concurrently with the terms of imprisonment imposed on the other convictions; as so modified, the judgment is affirmed.

On appeal, the defendant contends that the People failed to establish his intent to commit the underlying felony of attempted robbery. Initially, we note that the issue of legal sufficiency was not preserved for appellate review (*see,* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant was an active participant in the crimes committed (*see,* Penal Law § 20.00; *see also, People v Benzinger,* 36 NY2d 29, 34). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's accomplices fired several gunshots, killing George Poulopoulos and injuring Jesus Jiminez and Fernando Jiminez. The sentencing court did not improvidently exercise its discretion in imposing consecutive sentences on the convictions for assault in the first degree and murder in the second degree, as each firing of the gun constituted a separate act (*see,* Penal Law § 70.25 [2]; *People v Brown,* 80 NY2d 361; *People v Sumpter,* 203 AD2d 605). However, as correctly conceded by the People, the sentencing court erred in ordering the defendant's sentence for criminal possession of a weapon in the second degree to run consecutively to his sentences on the convictions for assault in the first degree and murder in the second degree, since these convictions arose out of a single incident (*see, People v Velez,* 206 AD2d 554).

The sentences imposed were not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contention is without merit. Sullivan, J. P., Santucci, Friedmann and McGinity, JJ., concur.