■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT GOLDRING, Appellant. [663 NYS2d 118] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Thomas, J.), rendered July 5, 1995, convicting him of assault in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and sentencing him to consecutive terms of 7½ to 15 years imprisonment for as-

sault in the first degree and 4 to 8 years imprisonment for criminal possession of a weapon in the second degree.

Ordered that the judgment is modified, on the law, by providing that the sentences are to run concurrently; as so modified, the judgment is affirmed.

Although the prosecution did not request a hearing pursuant to *People v Ventimiglia* (52 NY2d 350, 359-360) reversal is not warranted in this case. We agree with the defendant's assertion that the prosecution should have sought a pretrial determination as to the admissibility of evidence of uncharged crimes alleged to have been committed by the defendant, but the evidence was clearly admissible in this case, and the failure to obtain such a determination did not prejudice the defendant (*see, People v Ramos,* 220 AD2d 330). The evidence that the defendant sold drugs for the victim was directly relevant to his motive for the crime (*see, People v Molineux,* 168 NY 264; *People v Zimmerman,* 212 AD2d 821), and was necessary to provide a complete and accurate picture of the events which led to its commission (*see, People v Montanez,* 41 NY2d 53, 59). Furthermore, the evidence was not used by the prosecution to show that the defendant had a propensity to commit the crimes, and its probative value outweighed its potential for prejudice (*see, People v Ventimiglia, supra,* at 359-360).

The trial court erred, however, in imposing consecutive sentences for the convictions of assault in the first degree and criminal possession of a weapon in the second degree (*see,* Penal Law § 70.25 [2]). The defendant's possession of a weapon was also an element of the assault charge, and here both crimes were part of the same transaction (*see,* Penal Law § 120.10 [1]; *People v Crespo,* 188 AD2d 483, 484; *People v Banks,* 208 AD2d 759, 760). Rosenblatt, J. P., Copertino, Krausman and Goldstein, JJ., concur.