■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL BATTLE, Appellant. [672 NYS2d 21] —Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered April 4, 1994, convicting defendant, after a jury trial, of robbery in the first degree (two counts), aggravated assault upon a police officer or a peace officer, assault in the first degree (two counts), criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and reckless endangerment in the first degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 25 years to life on the robbery and criminal possession of a weapon in the second degree convictions, to run consecutively to all other sentences, three concurrent terms of 25 years to life on the assault convictions, to run consecutively to all other sentences, and consecutive terms of 25 years to life on the criminal possession of a weapon in the third degree and reckless endangerment in the first degree convictions, to run consecutively with all other sentences imposed, unanimously modified, on the law and as a matter of discretion in the interest of justice, to provide that all sentences shall run concurrently with each other except that the sentences on the convictions for one count of robbery in the first degree (count 2) and reckless endangerment shall run consecutively to each other and to the concurrent sentences on the assault and weapons possession convictions, and otherwise affirmed.

Defendant's suppression motion was properly denied. The court properly determined that, under the totality of the circumstances, defendant's statement to the police was volunta-

rily made. Police testimony, as well as the testimony of an EMS technician who interviewed and examined defendant at the time in question, indicates that he was alert and oriented and made the statement after voluntary waiver of the *Miranda* rights (*see, People v Walker*, 235 AD2d 262, *lv denied* 89 NY2d 1102; *People v Del Rosario*, 210 AD2d 72, *lv denied* 84 NY2d 1030; *see also, People v Nieves*, 205 AD2d 173, 184, *affd* 88 NY2d 618).

Defense counsel's failure to provide timely alibi notice pursuant to CPL 250.20 did not, under the circumstances, constitute the ineffective assistance of counsel (*see, People v Alvarez*, 223 AD2d 401, *lv denied* 88 NY2d 980; *see also, People v Shaw*, 232 AD2d 174, 175, *lv denied* 89 NY2d 946). Although defendant attempted to call the purported alibi witness to testify in the Grand Jury on his behalf, the witness informed the prosecution's investigator that he would not testify for anyone, under any circumstances. As the record now stands, defendant renewed the request that the witness testify, through counsel, only after the trial had commenced, despite the fact that a defense investigator had interviewed him several months earlier. Since the extant record indicates that defendant never consistently pursued an alibi defense, it cannot be said that the preclusion of the alibi testimony was the result of counsel's ineffectiveness. Indeed, counsel's substantial, although unsuccessful, efforts to accommodate defendant's eleventh-hour request belie such a claim.

Defendant's claims in connection with an alleged corruption investigation involving two of the police witnesses, and the alleged impropriety by the prosecutor during the Grand Jury proceedings, are unreviewable because defendant has provided no competent record (*see, People v Phelps*, 74 NY2d 919). Defendant's submissions on a CPL article 440 motion are not part of the record because no appeal from the denial of that motion is before this Court. The existing record before this Court indicates that the prosecutor complied with the applicable statutory provision in providing appropriate notice to defendant regarding a prior conviction of a People's witness (CPL 240.45 [1] [b]). In any event, defendant was afforded the opportunity to examine the witness' full criminal history at trial (*see, People v Osborne*, 91 NY2d 827) and any error was harmless in light of the overwhelming evidence of defendant's guilt (*see, People v Pressley*, 91 NY2d 825).

We modify some of the consecutive sentences imposed by the court as violative of Penal Law § 70.25 (2). That section requires concurrent sentences "for two or more offenses com-

mitted through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other" (Penal Law § 70.25 [2]). Thus, consecutive sentences are prohibited "(1) where a single act constitutes two offenses, or (2) where a single act constitutes one of the offenses and a material element of the other (*People v Catone*, 65 NY2d 1003, 1004-1005; *see also, People ex rel. Maurer v Jackson*, 2 NY2d 259, 264)." (*People v Laureano*, 87 NY2d 640, 643.) However, even where the statutory elements of two offenses overlap, "the People may yet establish the legality of consecutive sentencing by showing that the 'acts or omissions' committed by defendant were separate and distinct acts" (*People v Laureano, supra*, at 643).

Although the robbery committed in the store and the subsequent shooting of the police officer were plainly separate incidents, the sentence imposed on count 1 charging robbery in the first degree (Penal Law § 160.15 [1] ["(c)auses serious physical injury to any person"]) cannot be consecutive to the assault convictions under counts 7, 8 and 9 (*see*, Penal Law §§ 120.11, 120.10 [1], [4]), since the act of producing bodily injury to the officer constituted the assault offenses and was a material element of that robbery count (*see, People v Laureano, supra*; *People v Hyde*, 240 AD2d 849, *lv denied* 91 NY2d 874). However, since the second robbery conviction under count 2 was for forcible stealing with the use of a deadly weapon (*see*, Penal Law § 160.15 [2]), no such infirmity exists and the consecutive sentences for that robbery conviction and the assault convictions may stand (*People v Hyde, supra*).

Additionally, as the People concede, the sentences for defendant's convictions for criminal possession of a weapon in the second and third degrees must be concurrent because there was no evidence that defendant possessed a weapon *without* the intent to use it unlawfully. While there may be a lawful basis to run the sentence on the conviction for third-degree weapon possession consecutive to the sentence on the assault convictions, it was an abuse of discretion to do so, where the aggregate sentence without such feature is 75 years to life. The consecutive sentence for reckless endangerment in the first degree was plainly proper as it was based on acts separate and distinct from all the other offenses (*People v Laureano, supra*). Thus, the sentences for all convictions are concurrent except the sentences on one conviction of robbery in the first degree (count 2) and the reckless endangerment conviction (count 10), which shall run consecutively to each other and to the concurrent sentences on the assault and weapons possession convic-

tions. Concur—Milonas, J. P., Nardelli, Rubin, Mazzarelli and Andrias, JJ.