■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO NIEVES, Appellant. [678 NYS2d 283] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Thomas, J.), rendered June 7, 1994, convicting him of attempted robbery in the first degree, attempted robbery in the second degree, criminal possession of a weapon in the second degree (two counts), and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and sentencing him to concurrent indeterminate terms of 7½ to 15 years imprisonment for attempted robbery in the first degree, 4 to 8 years imprisonment for attempted robbery in the second degree and criminal possession of a weapon in the second degree (two counts), and 3½ to 7 years imprisonment for criminal possession of a weapon in the third degree under count five, and an indeterminate term of 3½ to 7 years imprisonment for criminal possession of a weapon in the third degree under count six, the latter to run consecutively to the term of imprisonment imposed for attempted robbery in the first degree.

Ordered that the judgment is modified, on the law, by providing that all of the terms of imprisonment shall run concurrently with each other; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

However, under the circumstances of this case, the term of imprisonment imposed upon the conviction of criminal possession of a weapon in the second degree involving the possession of a shotgun must run concurrently with the term imposed for the conviction of attempted robbery in the first degree (*see, People v Brown,* 80 NY2d 361, 364-365; *People v Hakim,* 234 AD2d 477; *People v Velez,* 206 AD2d 554). Mangano, P. J., Rosenblatt, Ritter and Altman, JJ., concur.