■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN PORTER, Appellant. [681 NYS2d 348] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Flug, J.), rendered January 31, 1996, convicting him of murder in the second degree (two counts) and criminal possession of a weapon in the second degree, upon a jury verdict, and sentencing him to consecutive indeterminate terms of 20 years to life imprisonment under count one charging murder in the second degree, 25 years to life imprisonment under count three charging murder in the second degree, and 3 to 9 years imprisonment for criminal possession of a weapon in the second degree.

Ordered that the judgment is modified, on the law, by deleting therefrom the provision of the sentence which directed that the term of imprisonment imposed on the conviction of criminal possession of a weapon in the second degree shall run consecutively to the terms of imprisonment imposed on the murder convictions, and substituting therefor a provision directing that the term of imprisonment imposed for criminal possession of a weapon in the second degree shall run concurrently with the term of imprisonment imposed on the first

count of murder in the second degree; as so modified, the judgment is affirmed.

On the evening of December 30, 1991, the defendant and his accomplices shot and killed Charles Bland and his girlfriend Cherrie Walker while they were sitting in a car parked in a housing project in Queens County. At the trial, several witnesses testified that the defendant blamed Bland, who was a rival drug seller, for the murder of one of the defendant's friends. Contrary to the defendant's contention, the testimony about his drug-related activities was admissible to establish his motive to commit the crimes charged and to complete the narrative of the events leading up to the double murders (*see, People v Collins,* 220 AD2d 610; *People v McDowell,* 191 AD2d 515; *People v Garcia,* 173 AD2d 399).

During the trial, the court struck certain testimony about threatening telephone calls that a witness allegedly received a few days after the murders. Notwithstanding the court's ruling, the stricken testimony was inadvertently read back to the jury during deliberations. Although the trial court should have instructed the jury to disregard the inadmissible testimony after the readback, in light of the overwhelming evidence of the defendant's guilt, there is no significant probability that he would have been acquitted if the curative instruction had been repeated. Therefore, the court's failure to cure the error in the readback was harmless (*see, People v Crimmins,* 36 NY2d 230, 242).

We reject the defendant's contention that the trial court erred in imposing consecutive sentences for his convictions of intentional murder with respect to the victim Bland and for depraved indifference murder with respect to the victim Walker. Although the murders occurred in the course of a single transaction, the firing of multiple shots at the victims constituted separate acts such that consecutive sentences were permissible (*see,* Penal Law § 70.25 [2]; *People v Brathwaite,* 63 NY2d 839; *People v Black,* 249 AD2d 318; *People v Reyes,* 239 AD2d 524; *People v Perez,* 221 AD2d 169; *People v Sumpter,* 203 AD2d 605). However, the court erred in ordering the defendant's term of imprisonment for criminal possession of a weapon in the second degree to run consecutively to his terms of imprisonment on the murder convictions, as the People failed to establish that possession of the gun was an act separate from the shootings (*see, People v Reyes, supra; People v Jackson,* 226 AD2d 476; *People v Darvie,* 224 AD2d 442).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are without merit. O'Brien, J. P., Sullivan, Krausman and Florio, JJ., concur.