■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORNELL CURRY, Also Known as CORNWELL CURRY, Appellant.

[714 NYS2d 349] —Appeals by the defendant (1) from two judgments of the Supreme Court, Queens County (Katz, J.), both rendered September 25, 1996, convicting him of robbery in the first degree (five counts), robbery in the second degree (four counts), robbery in the third degree, and grand larceny in the third degree under Indictment No. 5401/95, and robbery in the first degree (two counts), robbery in the second degree (two counts), and attempted robbery in the third degree under Indictment No. 5402/95, upon his pleas of guilty, and imposing sentences, and (2), by permission, from an order of the same court, dated May 13, 1999, which denied his motion pursuant to CPL 440.10 to vacate the judgments. The appeals from the judgments brings up for review the denial (Flug, J.), after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence, identification testimony, and statements made by him to law enforcement of- · ficials.

Ordered that the judgments and the order are affirmed.

The hearing court properly concluded that the initial stop and the defendant's subsequent arrest were lawful. The evidence adduced at the suppression hearing established that the police observed the defendant, whose physical appearance matched the description of the robber provided by one of his victims, driving a red Chevrolet Blazer with the license plate number noted by the same victim (*see, People v Banks,* 208 AD2d 759; *People v Mojica,* 171 AD2d 698; *People v Fulton,* 189 AD2d 778).

The defendant's remaining claims on the appeals from the judgments, including those raised in his supplemental *pro se* brief, are without merit.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on the appeal from the order denying the motion to vacate the judgments. Counsel's application for leave to withdraw as counsel for that appeal is granted (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). O'Brien, J. P., Altman, Krausman and Schmidt, JJ., concur.