■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON GARCIA, Appellant. [730 NYS2d 884] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Demakos, J.), rendered December 1, 1999, convicting him of attempted robbery in the first degree (two counts), criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and sentencing him to indeterminate terms of 7½ to 15 years' imprisonment on each conviction of attempted robbery in the first degree, and 2 to 4 years' imprisonment on the conviction of criminal possession of a weapon in the third degree, all to run concurrently, and 7½ to 15 years' imprisonment for criminal possession of a weapon in the second degree, to run consecutively to the conviction under count two of the indictment of attempted robbery in the first degree (participant in crime caused serious physical injury to a person who did not participate in the crime).

Ordered that the judgment is modified, on the law, by providing that all the sentences imposed shall run concurrently; as so modified, the judgment is affirmed.

The defendant contends that the evidence was legally insufficient to establish his guilt of attempted robbery in the first degree beyond a reasonable doubt because the People failed to establish his intent to forcibly steal. However, that issue was not preserved for appellate review (*see,* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our

factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The Supreme Court erred in directing that the defendant's sentence for criminal possession of a weapon in the second degree run consecutively to his sentences on the convictions for attempted robbery in the first degree, since these convictions arose out of a single incident (*see, People v Porter,* 256 AD2d 363, 364; *People v Reyes,* 239 AD2d 524, 525). Moreover, "the mere fact that the defendant possessed the gun immediately prior to the shooting does not establish sufficient proof of a separate and distinct act to justify the imposition of consecutive sentences" (*People v Banks,* 208 AD2d 759, 760; *see,* Penal Law § 70.25 [2]). Krausman, J. P., S. Miller, Friedmann and Schmidt, JJ., concur.