■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ASIF LATIFF, Appellant. [775 NYS2d 870]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered May 17, 2000, convicting him of attempted murder in the second degree, attempted robbery in the first degree (two counts), criminal possession of a weapon in the second degree, assault in the first degree, and assault in the second degree, upon a jury verdict, and sentencing him to concurrent terms of imprisonment of 5

to 15 years on his convictions of attempted murder in the second degree and assault in the first degree, to run consecutively with concurrent terms of imprisonment of 2 to 6 years on his convictions of attempted robbery in the first degree, and terms of imprisonment of 2 to 6 years on his conviction of criminal possession of a weapon in the second degree and 1 to 3 years on his conviction of assault in the second degree, to run concurrently with all the other sentences.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by providing that all sentences are to run concurrently; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Gomezgil,* 135 AD2d 561, 562 [1987]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

However, the Supreme Court erred in directing that the sentences imposed on the attempted robbery counts run consecutively to the sentences imposed on the remaining counts. Either the attempted robbery counts were committed through a single act making up a remaining count or a remaining count constituted a material element of the same (*see* Penal Law § 70.25 [2]; *People v Laureano,* 87 NY2d 640, 644 [1996]; *People v Garcia,* 287 AD2d 466, 467 [2001]; *People v Battle,* 249 AD2d 116, 117-118 [1998]; *People v Reyes,* 239 AD2d 524, 525 [1997]; *People v Banks,* 208 AD2d 759 [1994]). Consequently, all of the sentences should have been imposed to run concurrently.

The defendant's remaining contentions either are unpreserved for appellate review or without merit. Ritter, J.P., Goldstein, Townes and Crane, JJ., concur.