■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DELANO SEDNEY, Appellant. [774 NYS2d 799]—

Appeal by the defendant from two judgments of the Supreme Court, Queens County (Latella, J.), both rendered June 23, 2000, convicting him under Indictment No. 3666/95 of attempted mur-

der in the second degree, attempted robbery in the first degree (two counts), criminal possession of a weapon in the second degree, assault in the first degree, assault in the second degree, and resisting arrest, upon a jury verdict, and sentencing him to concurrent terms of imprisonment of $7^{1}/_{2}$ to 15 years on his convictions of attempted murder in the second degree and assault in the first degree, 5 to 10 years on his conviction of criminal possession of a weapon in the second degree, $2^{1}/_{2}$ to 5 years on his conviction of assault in the second degree, and one year on his conviction of resisting arrest, respectively, to run consecutively with concurrent terms of imprisonment of $7^{1}/_{2}$ to 15 years on his convictions of attempted robbery in the first degree; and convicting him under Indictment No. 1707/95 of attempted robbery in the second degree, upon his plea of guilty, and sentencing him to a term of imprisonment of $3^{1}/_{2}$ to 7 years, to run concurrently with the sentences imposed under Indictment No. 3666/95.

Ordered that the judgment rendered on Indictment No. 3666/95 is modified, on the law, by providing that all of the sentences are to run concurrently; as so modified, the judgment is affirmed; and it is further,

Ordered that the judgment rendered on Indictment No. 1707/95 is affirmed.

Contrary to the defendant's contention, the testimony with respect to his convictions on the two counts of attempted robbery in the first degree was not incredible as a matter of law (*see People v Lambert,* 272 AD2d 413, 414 [2000]; *People v Higgins,* 179 AD2d 778 [1992]; *People v Garafolo,* 44 AD2d 86 [1974]). Rather, the testimony merely raised issues of credibility to be resolved by the jury (*see People v Davis,* 299 AD2d 420, 422 [2002]; *People v Garafolo, supra*). However, the Supreme Court erred in directing the sentences imposed on the attempted robbery counts to run consecutively to the sentences imposed on the remaining counts. Either the attempted robbery counts were committed through a single act making up a remaining count or a remaining count constituted a material element of the same (*see* Penal Law § 70.25 [2]; *People v Laureano,* 87 NY2d 640, 644 [1996]; *People v Garcia,* 287 AD2d 466, 467 [2001]; *People v Battle,* 249 AD2d 116, 117-118 [1998]; *People v Reyes,* 239 AD2d 524, 525 [1997]; *People v Banks,* 208 AD2d 759, 760 [1994]). Consequently, all of the sentences on the conviction under Indictment No. 3666/95 should have been imposed to run concurrently.

The defendant's remaining contentions either are unpreserved for appellate review, without merit, or need not be reached in

light of our determination. Ritter, J.P., Goldstein, Townes and Crane, JJ., concur.