THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL CAQUIAS, Appellant. [7 NYS3d 108]—

Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered February 25, 2013, convicting defendant, after a jury trial, of assault in the first degree and criminal possession of a weapon in the third degree, and sentencing him to an aggregate term of five years, unanimously affirmed.

By disclosing just before jury selection a voicemail recording of statements made by the victim, the People failed to timely comply with its discovery obligations. Defendant was not, however, prejudiced because the victim's statement was identical to his trial testimony and the disclosure did not affect the defendant's strategy at trial. Significantly, defendant did not seek an adjournment to further investigate the recording before the trial began.

Nor was defendant prejudiced by the People's untimely midtrial disclosure of a written statement made by defendant's father to a detective, in which the father acknowledged seeing blood on the victim's face after the incident. Although discoverable as *Rosario* material regarding the detective, the underlying statement was made by defendant's own key witness; thus defendant could not have been surprised by it (*People v Perez*, 221 AD2d 169, 170 [1st Dept 1995], *lv denied* 87 NY2d 976 [1996]).

Defendant was not deprived of a fair trial by the prosecutor's use, during cross-examination, of defense counsel's note of her interview of defendant's father, which had been disclosed to the prosecutor (*see* CPL 240.45 [2] [a]). According to the note, defendant's father "sa[id] that [the father] passed the box cutter to [defendant] and he cut the [victim's] face." The note, on its face, provided the People with a good faith basis to ask questions based on its contents and the prosecutor was not required to accept defense counsel's assertion that the note was merely a reflection of neighborhood gossip. Moreover, the court instructed the jury that questions were not evidence and that only the questions together with their answers were evidence. The jury is presumed to have followed this instruction (*see People v Davis*, 58 NY2d 1102, 1104 [1983]).

Defendant was not deprived of his constitutional right to conflict-free representation by the prosecutor's use of defense counsel's note of her interview with defendant's father, as well as statements made by defendant during a proffer session at which counsel was present and at which defendant agreed that his statements could be used by the People in rebuttal. In neither instance did counsel effectively become a witness against her client and the court expressly offered counsel the option of taking the stand to explain. Counsel would have given testimony helpful to, and not in conflict with, defendant. Under these circumstances, there was no conflict, nor any potential for conflict, to trigger a need for an inquiry (*see People v Baldi*, 54 NY2d 137, 150-151 [1981]; *People v Newman*, 216 AD2d 151 [1st Dept 1995], *lv denied* 87 NY2d 849 [1995]). Moreover, as the trial unfolded, there was no need for defense counsel to offer any testimony.

The portion of the prosecutor's summation to which defendant objected constituted permissible comment on the evidence. Defendant's remaining challenges to the prosecutor's summation and cross-examination are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits. Concur—Sweeny, J.P., Renwick, Saxe, Manzanet-Daniels and Gische, JJ.