People v Leftenant (2019 NY Slip Op 05152)





People v Leftenant


2019 NY Slip Op 05152


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2016-03843
 (Ind. No. 624/15)

[*1]The People of the State of New York, respondent,
v
Sheldon Leftenant, appellant.


Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Marion Tang of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (John B. Collins, J.), rendered March 28, 2016, convicting him of attempted aggravated murder of a police officer, criminal possession of a weapon in the second degree, and resisting arrest, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the law, by providing that the sentence imposed on the conviction of criminal possession of a weapon in the second degree shall run concurrently with the sentence imposed on the conviction of attempted aggravated murder of a police officer; as so modified, the judgment is affirmed.
The defendant's contention that the evidence was legally insufficient to establish his guilt is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, the defendant's contention is without merit. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish, beyond a reasonable doubt, the defendant's guilt of attempted aggravated murder of a police officer, criminal possession of a weapon in the second degree, and resisting arrest. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe their demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that he was deprived of the effective assistance of trial counsel is without merit. Viewed in totality, the record reveals that counsel provided meaningful representation (see People v Baldi, 54 NY2d 137, 147). Indeed, there can be no denial of effective assistance of trial counsel arising from counsel's failure to make a motion that has little or no chance of success. Accordingly, counsel was not ineffective for failing to move to suppress evidence resulting from a traffic stop where, as here, there was no support in the record for such a motion (see People v Carver, 27 NY3d 418, 421).
Furthermore, defense counsel was not ineffective for failing to call as a witness a detective who participated in the defendant's interrogation, or to request a missing witness charge [*2]with respect to that detective. Since the prosecution did not utilize the defendant's statements to the police at trial, there was no compelling reason to call the detective as a defense witness, and trial counsel's decision not to do so may be explained as a legitimate strategic choice (see People v Carver, 27 NY3d at 421). Moreover, a missing witness charge is warranted for a party's failure to produce a witness, under its control, where the witness's testimony would have been material and noncumulative of other testimony or evidence. The party seeking the missing witness charge must sustain an initial burden of showing that the opposing party has failed to call a witness who could be expected to have knowledge regarding a material issue in the case and to provide testimony favorable to the opposing party (see People v Edwards, 14 NY3d 733, 735). Here, given the evidence presented by the prosecution, the detective's testimony would not have been material and, at best, would have been cumulative of the testimony of other police witnesses. Accordingly, since a request for a missing witness charge would have had little or no chance of success under the circumstances, defense counsel was not ineffective for failing to make such a request (see People v Salton, 74 AD3d 997, 998).
The County Court did not improvidently exercise its discretion in denying the defendant's application for a substitution of counsel, as he failed to make specific factual allegations of serious complaints about his assigned trial counsel (see People v Porto, 16 NY3d 93, 99-100; People v Davis, 161 AD3d 1000, 1002) and, in any event, the court conducted an appropriate inquiry and properly determined that the request was not supported by good cause (see People v Linares, 2 NY3d 507, 510-512; People v Johnson, 116 AD3d 883, 883-884).
The People correctly concede that the sentence should be modified so that the terms of imprisonment imposed upon the convictions of criminal possession of a weapon in the second degree and attempted aggravated murder of a police officer run concurrently with each other (see Penal Law § 70.25[2]; People v Hamilton, 4 NY3d 654; People v Garcia, 287 AD2d 466). As so modified, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., AUSTIN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court