People v McNeil-Smith (2020 NY Slip Op 00434)





People v McNeil-Smith


2020 NY Slip Op 00434


Decided on January 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-06682
 (Ind. No. 10190/15)

[*1]The People of the State of New York, respondent,
v
Irving McNeil-Smith, appellant.


Paul Skip Laisure, New York, NY (David L. Goodwin of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Rhea A. Grob of counsel; Alex Randazzo on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (James P. Sullivan, J.), rendered July 5, 2017, convicting him of attempted assault in the second degree and criminal possession of a weapon in the third degree, upon his plea of guilty, and sentencing him, as a second felony offender, to an indeterminate term of imprisonment of 2 to 4 years on the conviction of attempted assault in the second degree, and an indeterminate term of imprisonment of 3½ to 7 years on the conviction of criminal possession of a weapon in the third degree, with the sentences to run consecutively to each other.
ORDERED that the judgment is modified, on the law, by providing that the sentences imposed shall run concurrently with each other; as so modified, the judgment is affirmed.
The People concede that the Supreme Court should not have imposed consecutive sentences on the convictions of attempted assault in the second degree and criminal possession of a weapon in the third degree, as the facts adduced at the plea allocution did not establish that the defendant's acts underlying the crimes were separate and distinct (see Penal Law § 70.25[2]; People v Hamilton, 4 NY3d 654, 659; People v Leftenant, 173 AD3d 1211, 1212-1213; People v Garcia, 287 AD2d 466, 467). Accordingly, we modify the judgment by providing that those sentences shall run concurrently with each other.
DILLON, J.P., BALKIN, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court