■ OWEN O. HOBERMAN et al., Appellants, v EDGAR LANE, Respondent. — In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Altimari, J.), entered November 19, 1980, which is in favor of the defendant and against the plaintiffs, after a jury trial limited to the issue of liability. Judgment reversed, on the law, without costs or disbursements, and new trial granted. On May 21, 1978, Owen Hoberman (hereafter the plaintiff) was riding a motorcycle in a southerly direction on Henry Street in Hempstead, New York. Henry Street is a multi-lane two-way thoroughfare divided by a double line. At the location here in issue, there were two southbound lanes. The plaintiff was traveling in the left lane. The defendant was driving his automobile on Baldwin Road, a one-way street which merges with Henry Street from the right. The evidence at trial established that the defendant veered sharply to the left onto Henry Street, crossing the right lane and coming to a stop in the left lane. The plaintiff then collided with the defendant's car as it came to a halt. The plaintiff's theory was that the defendant had been unlawfully attempting to make a U-turn on Henry Street. The defendant claimed that he had been forced to veer to the left in order to avoid an infant bicyclist who had darted out onto the street from between parked cars. Thus, in large measure, the case turned on whether, in fact, the defendant's act was necessary because of an emergency created by a careless child. Each of the independent witnesses testified that he did not remember seeing a bicyclist at the time of the accident. The defendant, however, insisted that the child had been there and he testified that he had told the police at the accident scene about him. Under these circumstances, it was error for the court to have refused to permit the plaintiff to ask the first officer on the scene whether the defendant had told him about the child. The crucial issue in the case was whether the defendant's act had been justified by an emergency situation. Since the defendant testified that he gave the police a complete narrative of the occurrence, the omission of any reference to a bicyclist in that narrative would be both admissible and of significant probative value. (See 3A Wigmore, Evidence [Chadbourn rev ed], § 1042; Richardson, Evidence [Prince, 10th ed], § 222; cf. *People v Savage,* 50

NY2d 673, 679.) The court's refusal to permit the plaintiff to ask the officer whether the defendant had mentioned a bicyclist, therefore, requires a new trial. Furthermore, it was error for the court to preclude the plaintiff from eliciting from the defendant testimony concerning the location of his ultimate destination in relation to the site of the accident. The defendant testified that he was going to a musical concert in Dix Hills, Suffolk County. He claimed that, at the time of the accident, his intention was to proceed southward on Baldwin Road to the Southern State Parkway, then to travel east on the Parkway to its end, and finally to drive across the island to the Northern State Parkway. Nevertheless, in view of the plaintiff's contention that when the accident occurred, the defendant, who had been driving southward on Baldwin Road, was actually in the process of making a U-turn in an effort to get to the northbound side of Henry Street, the court should have permitted the plaintiff to establish that Dix Hills, the defendant's ultimate destination, was north of the accident site. Mollen, P. J., Hopkins, Titone and Weinstein, JJ., concur.