■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT W. BISHOP, JR., Appellant. [615 NYS2d 163] —Judgment unanimously reversed on the law and new trial granted. Memorandum: On appeal from a judgment convicting him of burglary in the third degree, defendant contends that County Court improperly limited defense counsel's cross-examination

of prosecution witnesses. We agree. The case against defendant was circumstantial and was based primarily on proof that sneaker prints observed leading to the crime scene matched the sneakers worn by defendant. The officers testified that the imprints of "XJ900" and a "13" in a circle were clearly visible in the sneaker prints, even though those characteristics were not visible in the photographs admitted at trial, and even though the officers' official reports did not mention the "XJ900" and "13" imprints. On cross-examination, defense counsel attempted to impeach the officers with the fact that their reports did not mention the pattern on the soles of the sneakers. The court precluded such cross-examination on the ground that "a person may be cross-examined concerning a prior statement as to its inconsistency, but a witness may not be cross-examined from a prior statement as to what it doesn't say * * * which is not an inconsistency". The court so instructed the jurors.

A party may show that an opposing witness has made prior statements that are inconsistent with some part of his trial testimony (Richardson, Evidence § 501, at 486 [Prince 10th ed]). "The absence from a former statement of a material fact or circumstance testimonially presented * * * may be proved" (Fisch, New York Evidence § 474, at 310 [2d ed]). "[I]f the former statement fails to mention a material circumstance presently testified to, which it would have been natural to mention in the prior statement, the prior statement is sufficiently inconsistent" (1 McCormick, Evidence § 34, at 114-115 [Strong 4th ed]). "It is an elementary rule of evidence, and of common sense, in our State and in almost every other jurisdiction, that, when given circumstances make it most unnatural to omit certain information from a statement, the fact of the omission is itself admissible for purposes of impeachment" *(People v Savage,* 50 NY2d 673, 679, *cert denied* 449 US 1016; *see, Hoberman v Lane,* 85 AD2d 595). Even where the degree of alleged inconsistency is arguable, the court should admit the evidence for whatever weight the jury might give it rather than conclude as a matter of law that there is no inconsistency and preclude counsel from using the prior statements *(People v Wise,* 46 NY2d 321, 326-327; *People v Hill,* 138 AD2d 629, *lv denied* 71 NY2d 1028).

We thus conclude that the court committed reversible error in precluding impeachment of the officers with the fact that their prior statements made no reference to the "XJ900" and

"13" imprints. The harm was exacerbated by the court's explanation, which virtually compelled the jurors to disregard the omission of the incriminating facts from the officers' reports. Additionally, we conclude that the verdict is not against the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495). Because the conviction must be reversed, we do not reach defendant's remaining contention. (Appeal from Judgment of Cayuga County Court, Corning, J.—Burglary, 3rd Degree.) Present—Denman, P. J., Pine, Lawton, Callahan and Davis, JJ.