■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS EDWARDS, Appellant. [620 NYS2d 992] —Appeal by the defendant (1) from a judgment of the Supreme Court, Queens County (Appelman, J.), rendered August 13, 1991, convicting him of criminal possession of a weapon in the third degree and criminal possession of a controlled substance in the seventh degree under Indictment No. 4827/90, upon a jury verdict, and imposing sentence, and (2) from an amended judgment of the same court, also rendered August 13, 1991, revoking a sentence of probation previously imposed by the same court (Chetta, J.), upon a finding that he had violated a condition thereof, upon his admission, and imposing a sen-

tence of imprisonment upon his previous convictions of attempted robbery in the second degree and attempted assault in the first degree under Indictment No. 1837/89.

Ordered that the judgment and amended judgment are affirmed.

Contrary to the defendant's contention, it was proper for the prosecutor to cross-examine him with respect to omissions in his post-arrest statements to the police. "If defendant testifie[s] * * * and offer[s] an exculpatory explanation not offered previously, his conduct during police questioning [is] admissible on cross-examination to impeach credibility" *(People v Aponte,* 180 AD2d 910; *see, People v Savage,* 50 NY2d 673, *cert denied* 449 US 1016; *People v Bishop,* 206 AD2d 884).

The defendant's sentences were neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Sullivan, J. P., Lawrence, Ritter and Joy, JJ., concur.