■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CAMERON WILSON, Appellant. [854 NYS2d 540]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chun, J.), rendered July 19, 2005, convicting him of assault in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contentions that the prosecution failed to present legally sufficient evidence to disprove his justification defense and to establish the elements of assault in the second degree and criminal possession of a weapon in the second degree beyond a reasonable doubt are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19 [1995]; *People v Flores,* 43 AD3d 955 [2007]; *People v Acquista,* 41 AD3d 491, 491-492 [2007]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), it was legally sufficient to disprove the justification defense and establish the defendant's guilt beyond a reasonable doubt (*see People v Leon,* 19 AD3d 509, 510 [2005], *affd* 7 NY3d 109 [2006]; *People v Manning,* 8 AD3d 298 [2004]). Similarly, the defendant's legal challenge to the credibility of the complaining witness is unpersuasive, since the testimony of that witness was not incredible as a matter of law and merely raised issues for resolution by the jury (*see People v Sedney,* 6 AD3d 632, 633 [2004]). Moreover, resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero,* 7 NY3d 633, 644-645 [2006]; *People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The defendant's contention that a comment made by the prosecutor during summation required the granting of a mistrial is without merit. While the comment was improper (*see People v Conyers,* 52 NY2d 454 [1981]), any potential prejudice which may have resulted was remedied by the prompt action of the trial court in sustaining the defense counsel's objection, striking the comment, and providing the jury with curative instructions to which the defendant assented (*see People v Ferguson,* 82 NY2d 837, 838 [1993]; *People v Barnes,* 80 NY2d 867, 868 [1992]; *People v Hernandez,* 11 AD3d 479 [2004]; *People v Thomas,* 8 AD3d 303 [2004]). Accordingly, the court did not improvidently exercise its discretion in denying the more drastic relief of a mistrial (*see generally People v Brown,* 264 AD2d 528 [1999], *cert denied* 531 US 1069 [2001]; *People v Dutcher,* 244 AD2d 499 [1997]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, do not require reversal. Mastro, J.P., Fisher, Carni and McCarthy, JJ., concur.