■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AL SCIPIO, Appellant. [878 NYS2d 747]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lott, J.), rendered August 3, 2006, convicting him of burglary in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant entered the complainant's apartment unlawfully (*see* Penal Law § 140.30 [3]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Any discrepancies between the complainant's prior statements to a police officer and the complainant's trial testimony, and any inconsistencies between the complainant's testimony and the testimony of other prosecution witnesses, were not of such magnitude as to render the complainant's testimony incredible or unreliable (*see People v Almonte*, 23 AD3d 392, 393 [2005]; *People v Lambert*, 272 AD2d 413, 414 [2000]).

The Supreme Court providently exercised its discretion in precluding certain evidence regarding the complainant's purported gang membership and hostility toward the defendant, because such evidence was too remote and speculative (*see People v Thomas*, 46 NY2d 100, 105 [1978]; *People v Walsh*, 35 AD3d 637 [2006]; *People v Monroe*, 30 AD3d 616, 617 [2006]). Mastro, J.P., Dillon, Leventhal and Chambers, JJ., concur.