Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant manifested the requisite criminal intent (see People v Bracey, 41 NY2d 296, 301 [1977]; People v Mendez, 34 AD3d 697, 698 [2006]; People v Coulter, 240 AD2d 756 [1997]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 644-645 [2006]). Any discrepancies between the complainant’s prior statements to a police officer, the complainant’s grand jury testimony, and the complainant’s trial testimony “were not of such magnitude as to render the complainant’s testimony incredible or unreliable” (People v Scipio, 61 AD3d 899, 899 [2009]). Moreover, the discrepancies were insufficient to render the complainant’s testimony perjurious (see Penal Law §§ 210.05, 210.10, 210.15; People v Scipio, 61 AD 3d at 899; People v Hansen, 290 AD2d 47, 51-52 [2002]; People v *750 Bishop, 206 AD2d 884, 885 [1994]; People v Kitchen, 162 AD2d 178, 179 [1990]).
The defendant’s remaining contentions are without merit. Mastro, J.P., Rivera, Chambers and Lott, JJ., concur.