THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCEL GELMI, Appellant. [978 NYS2d 364]—

After a trial, a jury found that the defendant, while acting with the codefendant, committed the crimes of criminal possession of a weapon in second degree under counts three and four of the indictment, criminal possession of a weapon in the third degree, criminal trespass in the third degree, and trespass.

The evidence adduced at trial showed that, in the early morning hours of November 1, 2009, the defendant possessed a firearm while at the home of a witness. The witness testified that the defendant and the codefendant were in her home searching for another individual, nicknamed "Black Pat." Black Pat, who was the godfather of the witness's grandson, frequently visited the witness's home. The witness testified that, at that time of the alleged search, the codefendant's face was beaten and bloody. The witness observed that a bullet "fell" or "flew" out of the gun that the defendant was holding, and that the defendant picked up the bullet. After the witness told the defendant and the codefendant to leave her home, they exited her home and walked out to her driveway.

Two additional witnesses, who resided next door to the witness described above, observed two men in the driveway of that witness's home. One of the two additional witnesses observed that the larger of the two men was holding what appeared to be a firearm; testimony adduced at trial showed that the defendant was slightly taller and significantly heavier than the codefend-

ant. The two additional witnesses called the police and, shortly thereafter, the police arrived at the scene and encountered the defendant and the codefendant. The police canvassed the area. Inside of a garbage can, the officers discovered a firearm on top of a trash bag and an ammunition clip lower down inside of the garbage can. The garbage can was situated two to six feet away from the defendant and the codefendant. The firearm and the ammunition clip were subsequently determined to be operable.

The defendant preserved for appellate review his contention that the evidence was legally insufficient to establish the element of possession with respect to the convictions of two counts of criminal possession of a weapon in the second degree (*see* Penal Law § 265.03 [1] [b]; [3]), and criminal possession of a weapon in the third degree (*see* Penal Law § 265.02 [1]). The defendant failed, however, to preserve his contention that the evidence did not establish that the firearm was "loaded," an element of criminal possession of a weapon in the second degree that was charged under the third count of the indictment (Penal Law § 265.03 [3]). Nevertheless, we reach this contention in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6] [a]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish, beyond a reasonable doubt, the defendant's guilt of criminal possession of a weapon in the second degree under count three of the indictment. Likewise, there was legally sufficient evidence that the defendant was guilty of the crime of criminal possession of a weapon in the second degree, as charged in count four of the indictment (*see* Penal Law § 265.03 [3]), and criminal possession of a weapon in third degree (*see* Penal Law § 265.02 [1]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we find that the verdict of guilt with respect to the above crimes was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

In support of his contention that the People failed to prove that he possessed a firearm while inside of the home of the first witness, the defendant points to the fact that the witness provided inconsistent testimony. During her direct examination, the witness testified that she did not want to testify and that

she only appeared in court because of a subpoena. She added that she had received threats related to the trial. On cross-examination, this witness testified that it was "possible" that the defendant did not possess a firearm while in her home. She further testified that she knew the defendant, but not the code-fendant, and that it was possible that she stated that the defendant had the gun because the defendant was the only person she recognized. On redirect examination, however, this witness reiterated that she observed the defendant with a gun. In addition, she testified that the defendant could have been the individual who stated that he was looking for Black Pat because he "wanted to kill him." The defendant relies upon the rule that "[w]hen all of the evidence of guilt comes from a single prosecution witness who gives irreconcilable testimony pointing both to guilt and innocence, the jury is left without basis, other than impermissible speculation, for its determination of either" (*People v Jackson*, 65 NY2d 265, 272 [1985]; *see People v Calabria*, 3 NY3d 80, 82 [2004]; *People v Fratello*, 92 NY2d 565, 572 [1998], *cert denied* 526 US 1068 [1999]; *People v Foster*, 64 NY2d 1144, 1147 [1985], *cert denied* 474 US 857 [1985]). However, a corollary of this rule applies "when the jury, acting within its rightful province of determining credibility, weighing evidence and drawing justifiable inferences from proven facts, has an objective, rational basis for resolving beyond a reasonable doubt the contradictory inculpating and exculpating versions of the events given by the witness" (*People v Fratello*, 92 NY2d at 573-574). Under those circumstances, the jury's determination of guilt "is no longer based on impermissible speculation and should be upheld" (*id.* at 574 [internal quotation marks omitted]).

Upon our review of the record, we conclude that the jury's resolution of the inconsistencies in the first witness's testimony had an objective, rational basis, and we find no reason to disturb the jury's factual findings in this regard. Any inconsistencies in the first witness's testimony did not render her testimony incredible or otherwise unworthy of belief.

The sentence imposed was not excessive (*see People v Delgado*, 80 NY2d 780, 783 [1992]; *People v Thompson*, 60 NY2d 513, 519 [1983]; *People v Suitte*, 90 AD2d 80, 85-86 [1982]). Rivera, J.P., Leventhal, Hall and Roman, JJ., concur.