Appeal by the defendant from a judgment of the Supreme Court, Kings County (Balter, J.), rendered October 26, 2011, convicting him of criminal possession of a weapon in the second degree (two counts) and reckless endangerment in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Ingram, J), of that branch of the defendant’s omnibus motion which was to suppress identification testimony.
Ordered that the judgment is affirmed.
The 17-year-old defendant was convicted, upon a jury verdict, *913 of two counts of criminal possession of a weapon in the second degree and one count of reckless endangerment in the second degree based on an incident which occurred on June 7, 2010, at approximately 4 a.m., on East 29th Street in Brooklyn. The complaining witness testified that, while working as a security guard at a club, he encountered the defendant six times as the defendant entered and exited the club. The witness also testified that he noticed a fracas outside the club as it was closing, in which the defendant was involved, which prompted the witness to enter his vehicle and move it. The witness further testified that, as he entered his vehicle, the crowd dispersed and he saw the defendant, who was wearing an orange plaid shirt, heading toward East 29th Street, almost running. Seconds after the witness turned his vehicle onto East 29th Street, he saw sparks, heard gunshots, and saw the defendant firing shots, two of which struck his vehicle.
The police arrived within minutes and received a radio call that a possible suspect was around the corner, where the arresting officer observed the defendant crouched between two parked cars. As the defendant was surrounded by the police, the witness identified the defendant as the person who shot at his vehicle.
After the jury found the defendant guilty on all counts, the Supreme Court denied the defendant’s request to be sentenced as a youthful offender, based, inter alia, on the defendant’s prior adjudication as a juvenile delinquent for criminal possession of a weapon in the second degree.
Contrary to the defendant’s contention, the hearing court properly denied that branch of his omnibus motion which was to suppress the showup identification made by the complaining witness near the scene of the crime. “ ‘While showup procedures are generally disfavored, they are permissible, even in the absence of exigent circumstances, when they are spatially and temporally proximate to the commission of the crime and not unduly suggestive’ ” (People v Cuesta, 103 AD3d 913, 915 [2013], quoting People v Berry, 50 AD3d 1047, 1048 [2008]; see People v Sain, 111 AD3d 964 [2013]; People v Miller, 68 AD3d 1135 [2009]). The identification took place within minutes of the crime, in close proximity to the crime scene. Moreover, the lack of undue suggestiveness in the showup identification was established through the testimony of the arresting officer, who briefly spoke with the complaining witness before he and the witness separately drove around the corner to the showup.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it *914 was legally sufficient to establish the defendant’s guilt of the two counts of criminal possession of a weapon in the second degree (see Penal Law § 265.03 [1] [b]; cf. People v Arroyo, 54 NY2d 567, 578 [1982]; People v Gelmi, 113 AD3d 790 [2014]; People v Breazil, 110 AD3d 913 [2013]; People v Jones, 108 AD3d 779 [2013]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]; People v Gelmi, 113 AD3d 790 [2014]; People v Sanabria, 110 AD3d 1012 [2013]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to those crimes was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
Under the circumstances of this case, the Supreme Court providently exercised its discretion in denying the defendant’s request for youthful offender treatment (see CPL 720.20 [1]; People v Green, 110 AD3d 825 [2013]; People v Barrett, 105 AD3d 862, 864 [2013]).
The defendant’s remaining contentions, including those raised in his pro se supplemental brief, are unpreserved for appellate review and, in any event, without merit.
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80, 85-86 [1982]).
Eng, EJ., Austin, Hinds-Radix and LaSalle, JJ., concur.