■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID DAVYDOV, Appellant. [13 NYS3d 439]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Griffin, J.), rendered July 19, 2013, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find

it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Contrary to the defendant's contention, any discrepancies in the complainant's testimony did not render such testimony incredible as a matter of law (*see People v Green*, 107 AD3d 915 [2013]; *People v Wilson*, 50 AD3d 711 [2008]; *People v Sedney*, 6 AD3d 632, 633 [2004]).

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). The inconsistencies in the complainant's testimony cited by the defendant were not of such magnitude as to render the testimony incredible or unreliable (*see People v Fernandez*, 115 AD3d 977 [2014]; *People v Gelmi*, 113 AD3d 790 [2014]; *People v Scipio*, 61 AD3d 899 [2009]).

The defendant's contention regarding certain remarks made by the prosecutor during summation is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, the majority of the challenged remarks were within the broad bounds of rhetorical comment permissible in closing arguments, fair response to arguments made by defense counsel in summation, or fair comment upon the evidence (*see People v Galloway*, 54 NY2d 396, 400 [1981]; *People v Ashwal*, 39 NY2d 105, 109 [1976]; *People v Dobbins*, 123 AD3d 1140 [2014]). To the extent that some of the prosecutor's comments were improper, any error was not so egregious as to have deprived the defendant of a fair trial (*see People v Portes*, 125 AD3d 794 [2015]; *People v Caldwell*, 115 AD3d 870 [2014]; *People v Stevens*, 114 AD3d 969, 970 [2014]; *People v Tiro*, 100 AD3d 663 [2012]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Rivera, J.P., Cohen, Hinds-Radix and Barros, JJ., concur.