■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMANUEL GURGOV, Appellant. [12 NYS3d 179]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Griffin, J.), rendered July 25, 2013, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Contrary to the defendant's contention, any discrepancies in the complainant's testimony did not render such testimony incredible as a matter of law (*see People*

*v Green,* 107 AD3d 915 [2013]; *People v Wilson,* 50 AD3d 711 [2008]; *People v Sedney,* 6 AD3d 632, 633 [2004]). Moreover, there is a valid line of reasoning and permissible inferences from which a rational jury could have found that the defendant, with the intent to cause physical injury, and while acting in concert with his codefendants, caused such injury to the complainant by means of a dangerous instrument (*see* Penal Law §§ 20.00, 120.05 [2]).

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo,* 2 NY3d 383, 410 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]). Regardless of whether the defendant was initially aware that two of his codefendants were armed with baseball bats, his continued participation in the assault was sufficient to support the conclusion that he intentionally aided in the assault with a dangerous instrument (*see* Penal Law § 120.05 [2]; *see also Matter of Juan J.,* 81 NY2d 739, 741 [1992]; *People v Allah,* 71 NY2d 830, 832 [1988]). The inconsistencies in the complainant's testimony cited by the defendant were not of such magnitude as to render the testimony incredible or unreliable (*see People v Fernandez,* 115 AD3d 977 [2014]; *People v Gelmi,* 113 AD3d 790 [2014]; *People v Scipio,* 61 AD3d 899 [2009]).

The sentence imposed was not excessive (*see People v Suitté,* 90 AD2d 80 [1982]). Rivera, J.P., Cohen, Hinds-Radix and Barros, JJ., concur.