The People of the State of New York, Respondent, v Donovan Gilliard, Appellant. [52 NYS3d 639]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Forman, J.), rendered August 14, 2015, convicting him of robbery in the second degree, upon his plea of guilty, and sentencing him to a determinate term of imprisonment of 12 years, to be followed by 5 years of post-release supervision.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed from a determinate term of imprisonment of 12 years, to be followed by 5 years of postrelease supervision, to a determinate term of imprisonment of 10 years, to be followed by 5 years of postrelease supervision; as so modified, the judgment is affirmed.

The County Court providently exercised its discretion in denying the defendant youthful offender treatment (*see* CPL 720.20 [1]; *People v Morse*, 144 AD3d 710, 710 [2016]; *People v Bae*, 137 AD3d 804, 804 [2016]; *People v Jones*, 118 AD3d 912, 914 [2014]). Moreover, contrary to the defendant's contention, the payment of restitution was a condition of the plea agreement and, in any event, the defendant accepted the sentence of restitution at the time of sentencing (*see People v Simmons*, 133 AD3d 896, 896-897 [2015]; *People v Watson*, 287 AD2d 889, 890 [2001]).

However, the sentence imposed was excessive. In exchange for his plea, the defendant was promised a sentence of a determinate term of imprisonment ranging from 10 to 12 years. At the time the crime was committed, the defendant was 18 years old, and this was his first contact with the criminal justice system. The defendant has a long history of mental illness, alcohol abuse, and substance abuse. Under the circumstances, we deem it appropriate to reduce the defendant's sentence to a determinate term of imprisonment of 10 years, to be followed by 5 years of postrelease supervision. Rivera, J.P., Chambers, Duffy and Barros, JJ., concur.