People v Hernandez (2020 NY Slip Op 03410)





People v Hernandez


2020 NY Slip Op 03410


Decided on June 17, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2018-03500
 (Ind. No. 6297/16)

[*1]The People of the State of New York, respondent,
v
Gabriel Hernandez, appellant.


Paul Skip Laisure, New York, NY (Benjamin Welikson of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jodi L. Mandel, and Jonathan Andrew Perez of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Martin P. Murphy, J.), rendered August 10, 2017, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Pursuant to a plea agreement, the defendant pleaded guilty to attempted criminal possession of a weapon in the second degree in exchange for a promised sentence of a definite term of imprisonment of one year. At sentencing, after considering and denying the defendant's request for youthful offender treatment, the Supreme Court imposed the promised sentence.
Contrary to the defendant's contention, the record demonstrates that the Supreme Court properly considered whether the defendant, an eligible youth, should be afforded youthful offender treatment (see CPL 720.10[1], [2]; People v Whidbee, 164 AD3d 623, 623-624). Furthermore, given that the defendant shot and wounded the victim in the arm with a loaded firearm inside a busy nightclub and, inter alia, the defendant's history of violent acts, the court providently exercised its discretion in denying the defendant youthful offender treatment (see CPL 720.20[1]; People v Gilliard, 150 AD3d 1147, 1148; People v Cruickshank, 105 AD2d 325, 334, affd sub nom. People v Dawn Maria C., 67 NY2d 625).
The defendant's remaining contention is without merit (see People v Taylor, 1 NY3d 174, 177-178; People v Benevento, 91 NY2d 708, 712; People v Rivera, 71 NY2d 705, 708-709).
SCHEINKMAN, P.J., MASTRO, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court